UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MAX PIEKKOLA,<br><br>    Plaintiff,<br><br> vs.<br><br>JOSH KLIMEK, Unit Manager, Mike Durfee State Prison, individual and official capacities;<br>TAMMY DEJONG, Unit Coordinator, Mike Durfee State Prison, individual and official capacities;<br>TRAVIS TJEERDSMA, Case Manager, Mike Durfee State Prison, individual and official capacities;<br>KELLY TJEERDSMA, Corporal, Mike Durfee State Prison, individual and official capacities;<br>DUSTIN TJEERDSMA, Correctional Officer, Mike Durfee State Prison, individual and official capacities;<br>LEE KAUFENBERG, Special Security Captain, Mike Durfee State Prison, individual and official capacities;<br>LYLE STOCK, Sergeant, Mike Durfee State Prison, individual and official capacities;<br>TAMMY DOYLE, Unit Manager at Mike Durfee State Prison, in her individual and official capacities; and<br>STEVE REYNOLDS, previous supervisor of the automotive program, Mike Durfee State Prison, individual and official capacities,<br><br>    Defendants. | 4:15-CV-04148-KES<br><br><br><br><br><br>ORDER GRANTING<br>MOTION TO INTERVENE |

## INTRODUCTION

Applicant for intervention, Karri Reynolds, moves to intervene as an interested party. Docket 66. Defendants oppose the motion. Docket 67. For the reasons set forth below, the Karri Reynolds' motion to intervene is granted.

## FACTUAL BACKGROUND

On September 21, 2015, Max Piekkola, an inmate at Mike Durfee State Prison, filed a complaint under 42 U.S.C. § 1983. Docket 1. In his original and amended complaint, Piekkola raised various claims that defendants were violating his constitutional rights, including that defendants were denying him contact with Karri.[1] Docket 1; Docket 19. The court screened Piekkola's amended complaint and directed service. Docket 14. On June 24, 2016, defendants answered Piekkola's complaint, and on September 15, 2016, they moved for summary judgment. Docket 44.

According to defendants, on August 8, 2016, Karri mailed a motion to intervene to defendants' attorney, but she did not file the motion with the court. Docket 67 at 3. On August 12, 2016, the court denied Piekkola's motion for preliminary injunction because it was "too early in the case to determine that Piekkola is likely to prevail on the merits." Docket 40 at 3. On September 15, 2016, defendants filed a motion for summary judgment. Docket 44.

---

[1] For the sake of clarity, the court refers to Karri Reynolds by her first name because Steve Reynolds is a defendant in this case.

On October 3, 2016, Karri filed a motion to intervene as an interested party that was essentially identical to the motion she sent to defendants' attorney. Docket 66. In her motion, Karri adopts the factual background of Piekkola's original and amended complaints, Docket 66 at 1, which includes the fact that Piekkola and Karri are in a romantic relationship and that defendants are denying them the ability to communicate with one another. Docket 19 ¶ 26, 37, 123. Karri also objects to defendants' characterizations of her purported statements in their answer to Piekkola's amended complaint. Docket 66 at 1.

Defendants oppose the motion, arguing that Karri's motion was untimely. Docket 67. They argue that Karri should have moved to intervene in August when she sent the motion to defendants' attorney and before the court dismissed Piekkola's motion for preliminary injunction and before defendants had filed their motion for summary judgment. *Id.* at 2-3. Defendants also argue that Karri Reynolds's interests will be adequately protected by Piekkola and that intervention is not allowed here because Karri's and Piekkola's interests are identical. *Id.* at 4-5.

## DISCUSSION

Karrie moves to intervene under Federal Rule of Civil Procedure 24(a)(2). Docket 66 at 1. The rule for intervention of right states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

3

>impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Eighth Circuit construes Rule 24 liberally and resolves any doubts in favor of the proposed intervenors. S*ee United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir.1995) (listing cases); *see also Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir.1992) ( "Doubts regarding the propriety of permitting intervention should be resolved in favor of allowing it, because this serves the judicial system's interest in resolving all related controversies in a single action").

I. **Article III Standing**

A party seeking to intervene must establish Article III standing. *United States v. Metro St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009). " 'To show Article III standing, a [party] has the burden of proving: (1) that he or she suffered an injury-in-fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision.' " *South Dakota v. U.S. Dep't of Interior*, 665 F.3d 986, 989–90 (8th Cir. 2012) (quoting *Pucket v. Hot Springs Sch. Dist. No. 23–2*, 526 F.3d 1151, 1157 (8th Cir. 2008)). Defendants do not challenge Karri's standing and the court finds that she satisfies the Article III standing test.

II. **Timeliness**

An intervention of right must be timely. Fed. R. Civ. P. 24(a). The timeliness determination is committed to the discretion of the court. *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir.

4

2011). When considering whether a motion to intervene is timely, a court "should specifically consider: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Id.* at 1094.

The court finds that Karri's intervention is timely. Although defendants filed their motion for summary judgment, Karri's intervention is not likely to substantially alter the arguments in their motion. In defendants' response to the motion to intervene, defendants do not explain how they would be prejudiced. Karri's involvement is important at this stage to respond to allegations made by defendants in support of their motion.

Defendants argue that the motion is untimely because Karri knew about the case in August but did not file her motion until October. While Karri did not explain the delay, it did not prejudice defendants. If anything, defendants had advance notice that Karri planned on intervening in this matter. The court will not hold a non-prejudicial delay against a pro se party who is not benefitted by the delay. Therefore, the court finds that Karri's motion to intervene is timely.

### III. Cognizable Interest

"An interest is cognizable under Rule 24(a)(2) only where it is 'direct, substantial, and legally protectable.'" *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (quoting *Union Elec. Co.*, 64 F.3d at

1161). Karri claims that she has such an interest in contact with Piekkola. Docket 66 at 2. Because Karri's First Amendment rights are implicated, her interest is substantial and protectable. Therefore, the court finds that Karri has a cognizable interest sufficient to support intervention.

### IV. Impairment of Interest

Rule 24(a)(2) only requires that Karri show the disposition of this action may as a practical matter impair her interests. *See Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1307–08 (8th Cir. 1995) (summarizing various formulations of the standard). If Piekkola's case is dismissed, contact between he and Karri will be denied. Therefore, Karri has shown that her interests would be impaired.

### V. Representation by Present Parties

An applicant for intervention that is not a government agency bears only a " 'minimal burden of showing that its interests are not adequately represented by the parties.' " *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (quoting *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996)). For such applicants, "Rule 24(a)'s third criterion is easy to satisfy[.]" *Mausolf*, 85 F.3d at 1303. Karri's interests are not adequately represented by Piekkola. He is an inmate, and his access to legal materials is completely controlled by defendants. Karri meets her "minimal burden" to show that Piekkola cannot adequately represent her interests.

Defendants argue that Karri's interest and Piekkola's interest are identical, and therefore intervention is inappropriate. "The adequacy of

6

representation depends on the similarity of interests between the proposed intervenor and the parties already before the court." *Taylor v. Sw. Bell Tel. Co.*, 251 F.3d 735, 741 (8th Cir. 2001). Karri's and Piekkola's interests are similar, but they are not identical. The Supreme Court has explained that prisoners' constitutional rights "are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context, for instance, some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system[.]' " *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

Karri and Piekkola are not seeking to vindicate the same right because defendants may circumscribe Piekkola's First Amendment rights in a way that would be unconstitutional if applied to Karri. Therefore, Karri shows that Piekkola cannot adequately represent her interest. Because Karri's interests could be impaired by the outcome of this case, and she is not adequately represented by Piekkola, the court grants her motion to intervene under Rule 24(a)(2).

Thus, it is

ORDERED that Karri's motion to intervene (Docket 66) is granted. She is added as a plaintiff intervener to this matter. If defendants wish to file an amended motion for summary judgment, they must do so by November 4, 2016. If they do not wish to file an amended motion for summary judgment, they must give the court notice. After defendants have filed either an amended

7

motion or notice that they do not wish to amend their motion, plaintiffs will have 21 days to respond.

      Dated October 17, 2016.

                                  BY THE COURT:

                                  */s/Karen E. Schreier*
                                  KAREN E. SCHREIER
                                  UNITED STATES DISTRICT JUDGE